THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, <br><br> Plaintiff, <br><br> v. <br><br> LVI ENVIRONMENTAL SERVICES, INC., an Illinois Corporation, <br><br> Defendant. | Case No. 08 CV 3614 <br><br> Judge Holderman <br> Magistrate Judge Denlow |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, LVI ENVIRONMENTAL SERVICES, INC. ("Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., now sets forth its Answer to Plaintiff's Complaint as follows:

1.      This action is brought under the provisions of Sections 502 (a)(3) and (g)(2) and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

**ANSWER: Defendant admits that Plaintiffs have brought this action pursuant to the statutory provisions cited in this paragraph 1. Defendant denies that Plaintiffs are entitled to any relief under said statute.**

2.      Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**ANSWER: Defendant admits that this Court has subject matter jurisdiction over the types of claims set forth in this action under the cited statute. Defendant denies, however, that Plaintiffs are entitled to any relief under said statute.**

3. The CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY ("Fund") has been established pursuant to collective bargaining agreements heretofore entered into between CONSTRUCTION WORKERS, ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c) (5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER: Defendant denies that it has an agreement with an entity identified as the Construction Workers Union. Defendant admits, however, that the Fund has been established pursuant to the terms of a certain collective bargaining agreement between certain multiemployer associations and the Laborers' International Union of North America (LIUNA), State of Indiana District Council, for and on behalf of LIUNA Locals #41 and #81, for covered work in the geographic jurisdictions of those Local Unions, and that Defendant assented to and became one of the parties to that agreement on June 10, 2004. On information and belief, Defendant admits the remaining allegations in this paragraph.**

4. The Fund office is located at 2111 West Lincoln Highway (Route 30), Merrillville, Indiana 46410, and the Fund is administered in the Northern District of Indiana.

**ANSWER: On information and belief, Defendant admits the allegations in this paragraph.**

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the

provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

**ANSWER:  On information and belief, Defendant admits the allegations in this paragraph.**

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 621 East Wildwood Ave., Villa Park, IL 60181.

**ANSWER:  Defendant admits the allegations in this paragraph.**

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

**ANSWER:  Defendant admits that since on or about June 10, 2004, it has been signatory to an agreement with the Laborers Union as referenced in Answer to Paragraph 3, above, and that pursuant to that agreement Defendant employs or has employed certain persons represented for collective bargaining purposes by the Laborers Union to perform covered work in the geographic jurisdiction of LIUNA Locals #41 and #81.  Defendant further admits that under the terms of its agreement with LIUNA Locals #41 and #81 it is required to contribute to the Fund for those employees covered by the agreement who perform covered work within the geographic jurisdiction of that agreement.  Defendant denies the remaining allegations of paragraph 7.**

8. Plaintiff has requested Defendant to submit its books and records for purpose of audit by the Fund's Auditors, pursuant to Defendant's obligation under the terms of the Collective Bargaining Agreement by which it was bound, in violation of its contractual obligations and its obligations under applicable federal statutes.

**ANSWER: Defendant admits that Plaintiff has requested that Defendant submit its books and records for the purpose of audit by the Fund's Auditors, but denies the remaining allegations of paragraph 8. Answering further, Defendant states that it has produced its books and records for review and that it has not refused to produce information required by the Fund's auditors to conduct an audit of Defendant's compliance with the terms of the agreement since becoming signatory thereto on June 10, 2004.**

9. Notwithstanding Defendant's obligation to cooperate with Plaintiff in respect to the submission of its records, as and for an audit thereof, Defendant has improperly denied Plaintiff's access to such records as will enable Plaintiff to verify that Defendant has, in fact, been properly contributing on all eligible employees for the actual hours worked.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

10. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

11. Plaintiff is entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period January 1, 2004 through October 31, 2007.

4

**ANSWER: Defendant denies the allegations contained in this paragraph. Answering further, Defendant states that it has produced its books and records for review and that it has not refused to produce information required by the Fund's auditors to conduct an audit of Defendant's compliance with the terms of the agreement since becoming signatory thereto on June 10, 2004.**

**WHEREFORE**, Defendant LVI ENVIRONMENTAL SERVICES, INC. requests that Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

LVI ENVIRONMENTAL SERVICES, INC.

By: /s/  Michael D. Ray
One of Its Attorneys

Robert P. Casey (ARDC #00409049)
Michael D. Ray (ARDC #6285109)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Two First National Plaza
20 S. Clark Street
25th Floor
Chicago, Illinois 60603-1891
312/558-1220

Date: August 21, 2008

*c/m:  018360-1*

## **CERTIFICATE OF SERVICE**

I, Robert P. Casey, hereby certify that on this 21st day of August, 2008, the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed electronically. Pursuant to Local Rule 5.9, Notice of this filing will be sent to all Filing Users by operation of the Court's electronic filing system, and such Notice of Electronic Filing constitutes service upon such Filing Users, including counsel identified below. Parties may access this filing through the Court's system.

>    Robert B. Greenberg
>    ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.
>    200 West Jackson Boulevard
>    Suite 1900
>    Chicago, IL 60606
>    (Attorneys for Plaintiff)

>    LVI ENVIRONMENTAL SERVICES, INC.


>    By: /s/  Robert P. Casey
>         One of Its Attorneys

6587041.1 (OGLETREE)